IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JONATHON EDMONDS,

        Plaintiff,

    v.

GEORGIA CHECK RECOVERY, INC.;
and STEPHANIE FULLER, an
individual,

        Defendants.

2:11-cv-01794-GEB-EFB

ORDER TO SHOW CAUSE AND CONTINUING FINAL PRETRIAL CONFERENCE

        The February 7, 2012 Status (Pretrial Scheduling) Order scheduled a final pretrial conference in this case for June 10, 2013. The Status Order required the parties to file a joint final pretrial statement "no later than seven (7) calendar days prior to the final pretrial conference." (ECF No. 19.) No joint final pretrial statement was filed as required.

        Therefore, the parties are Ordered to Show Cause ("OSC") in a writing to be filed no later than June 10, 2013, why sanctions should not be imposed against them and/or their counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely final pretrial statement. The written response shall also state whether the parties or their counsel are at fault, and whether a hearing is requested on the OSC.[1] If a hearing is requested, it will be held on June

---

[1] "If the fault lies with the attorney, that is where the impact
(continued...)

1

1  24, 2013, at 1:30 p.m., just prior to the final pretrial conference,
2  which is rescheduled to that date and time. A joint final pretrial
3  statement shall be filed no later than seven (7) days prior to the final
4  pretrial conference.

5　　　　IT IS SO ORDERED.

6  Dated:  June 4, 2013

```
                                  _____
                                  GARLAND E. BURRELL, JR.
                                  Senior United States District Judge
```

---

¹(...continued)
of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).